UNITED STATES *v.* BOBBS-MERRILL CO. (No. 3423) [1]

United States Court of Customs and Patent Appeals, November 2, 1931

*Charles D. Lawrence*, Assistant Attorney General (*Marcus Higginbotham, jr.*, special attorney, of counsel), for the United States.
*Richard V. Sipe* for appellee.

[Oral argument October 9, 1931, by Mr. Lawrence; submitted on brief by appellee]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

From a judgment of the United States Customs Court, Second Division, sustaining appellee's protest against the action of the collector of customs in classifying for duty certain books for children, each of which is called "The Child's Bible," under paragraph 1310 of the Tariff Act of 1922, the Government has appealed to this court.

The importer in the protest claimed the goods to be free of duty under paragraph 1520 of said act.

The two competing paragraphs of said act, so far as pertinent to the issue at bar,. read as follows:

PAR. 1310. Unbound books of all kinds, bound books of all kinds except those bound wholly or in part in leather, sheets or printed pages of books bound wholly or in part in leather, pamphlets, music in books or sheets, and printed matter, all the foregoing not specially provided for, if of bona fide foreign authorship, 15 per centum ad valorem; * * *

PAR. 1520. Bibles, comprising the books of the Old or New Testament, or both, bound or unbound.

The importation consists of books, edited by John Stirling, which are represented by Exhibit 1 and which contain paragraphs from 32 of the books of the Old Testament and from 19 books of the New Testament. The volume contains an introductory note and many elaborate illustrations, together with the editor's statement of the substance of many omitted parts of the Bible. The verses are unnumbered and for the most part take the form of literary paragraphs. The meaning of words is frequently printed in parentheses immediately following the same. Only certain parts of Bible stories are set out. The paper folder or cover of the book explains the nature of the publication under the heading: "In What Way Does THE CHILD's BIBLE Differ from All Other Bibles for Children." It states that—

1. * * * THE CHILD's BIBLE does not contain all the Scriptures, * * * .
2. Its arrangement of the Bible text is unlike any other. It follows in the main the Bible narrative, but instead of chapters and verses it groups the matter under main subject divisions, with simple section headings which are worded to enable the child to follow the story easily and understand readily what he reads. * * *

The publisher speaks of it as a book and states that it has been especially prepared to help the child understand the Bible.

It is argued here that the nature of the publication and the obvious purpose of its importation are such as to bring it within the spirit and letter of the free list as was found by the lower court.

Our examination of the book convinces us that it is a very worthy publication, and had the same been before Congress at the time it framed paragraph 1520, it is possible that it would have been given, by appropriate language, a free-of-duty status. But in order that the merchandise may be entitled to free entry it must fall within the language of the paragraph, "Bibles, comprising the books of the Old or New Testament, or both, bound or unbound." We know of no other way that the same may have free entry without new legislation.

It may be that footnotes or an introductory note or explanations of the meaning of words or part of the Bible would not, in themselves, prevent free classification, but the presence of such matter, together with the fact that the book does not comprise the "books of the Old or New Testament," is sufficient, we think, to justify the conclusion that Exhibit 1 is not a Bible.

Before Congress, at the time the act was framed, in the Summary of Tariff Information, 1921, page 1252, was the following:

BIBLES

*Description and uses.*—The term "Bible" is sufficiently familiar to make unnecessary any lengthy statement relating to description and uses. As usually understood, it comprises 39 books of the Old Testament and 13 books of the New Testament, constituting the canon, to which are sometimes added certain apocryphal books both of the Old and New Testaments.

There the word "comprises" was used to designate 39 books of the Old Testament and 13 books of the New Testament. Congress used the term "comprising the books of the Old or New Testament," which is, in our view, significant.

The lexicographers define the word "comprise" as being synonymous with the words "embrace" and "include." In Funk & Wagnalls New Standard Dictionary (1925) "comprise" is defined as follows:

1. To comprehend summarily or collectively; include and cover; consist of; embrace.

The courts, in some instances, state that there is a shade of difference in the meaning of these words but broadly speaking hold that the word "comprise" means to include therein. *De Nobili* v. *Scanda*, 198 Fed. 341, 346. See also *Hoskins Mfg. Co.* v. *General Electric Co.*, 212 Fed. 422, 428.

We think Congress by paragraph 1520 meant to free-list what is commonly understood as a Bible and which contains the books of the Old or New Testament or both. If the omission of a number

of books of the Bible does not prevent it from still being a Bible, then it follows that one or more books might be regarded, with equal plausibility, as a Bible.

The judgment of the United States Customs Court is *reversed*.